356 F.2d 473
 John GREEN, in his own behalf and in behalf of other persons
similarly situated, Appellant,
v.
LOS ANGELES STEREOTYPERS UNION NO. 58, INTERNATIONAL
STEREOTYPERS AND ELECTROTYPERS UNION OF NORTH
AMERICA and Hearst Publishing Company,
Inc., Appellees.
 No. 20036.
 United States Court of Appeals Ninth Circuit.
 Feb. 17, 1966.
 
 Weitkamp, Riddle & Bedrosian, Lawson Riddle, Granada Hills, Cal., for appellant.
 Bodle & Fogel, George E. Bodle, Stephen Reinhardt, Flint & MacKay, Edward L. Compton, John J. Waller, Los Angeles, Cal., for appellees.
 Before JERTBERG and MERRILL, Circuit Judges, and TAVARES, District judge.
 MERRILL, Circuit Judge:
 
 
 1
 Appellants are twenty-four members of the local stereotypers' union of Los Angeles[1] who dispute the manner of determining seniority and priority upon which the local union (their bargaining representative) and their employer[2] have agreed. By this action they seek a declaration of their rights contrary to the agreement and an injunction against violation of those rights.
 
 
 2
 Prior to 1962 the employer had published two newspapers: The Los Angeles Examiner and the Los Angeles Herald-Express. Its employees who were represented by the local union were separated by the union into two 'chapels' bearing the names of the respective newspapers upon which such employees performed most, but not all, of their services. Separate seniority and priority lists were established for the members of each chapel. Appellants were members of the Examiner chapel.
 
 
 3
 The collective bargaining contract did not provide what the rights of employees should be under such circumstances but the practice prior to 1962 had been that an employee transferring from one chapel to another went to the bottom of the list in the chapel to which he transferred regardless of his standing in his former chapel.
 
 
 4
 Following cessation of publication of the Examiner the local union, following prescribed procedures of determination and review,[3] requested the employer to place members of the Examiner chapel on its priority and seniority board below the members of the Herald-Express chapel. The employer agreed to this arrangement and has since carried it out.
 
 
 5
 It is this arrangement which appellants attack. First, they assert that the collective bargaining agreement establishes in the appellants vested priority and seniority rights based upon the length of time of union membership without regard to chapel affiliation.[4] Second, they assert that the initial decision of the local union which was in favor of appellants should govern the employer's practices in spite of the fact that the decision was reversed at the International Union Convention.
 
 
 6
 The District Court rejected appellants' contention and rendered judgment in favor of appellees. We agree.
 
 
 7
 Appellant's argument that the collective bargaining agreement gives them priority and seniority rights lacks merit. These agreements do not purport to deal with seniority rights under the circumstances of this case.
 
 
 8
 The procedures utilized by the union in solving this problem which culminated in the decision at the International's convention were properly and fairly conducted.[5] It is conceded that this decision was reached by the union in a good faith effort to resolve the dispute between its members and that there was no hostile discrimination. Under these circumstances the mere fact that certain disputants are adversely affected will not render invalid a union decision.[6]
 
 
 9
 Judgment affirmed.
 
 
 
 [1]
 Los Angeles Stereotypers Union No. 58, International Stereotypers and Electrotypers Union of North America
 
 
 [2]
 Hillbro Newspaper Printing Company, a division of Hearst Publishing Company, Inc
 
 
 [3]
 The local held a special election and the vote was in favor of 'dovetailing' the members of the two chapels: creating a new combined seniority and priority list by alternately taking a member from each chapel's separate list in order. This decision was appealed to the Executive Board of the International Union by members of the Herald-Express chapel. The decision was sustained and a further appeal was taken to the 1962 international convention of the union where the appeals committee determined that dovetailing was an improper practice. This decision was duly sustained by a majority of the delegates to the convention. This decision was transmitted to the employer by the local union with its requested solution
 
 
 [4]
 Appellants note that section 2 of the collective bargaining agreement provides:
 'The Employer hereby agrees to recognize the General Laws of the International Stereotypers Union of North America in effect as of January 1, 1961, insofar as said laws are not in conflict with the provisions of this Agreement, or with state or federal laws.'
 Appellants then argue that section 29 of the International General Laws (which reads, 'a member's priority shall begin on the first day that he starts to work on a regular situation') bestows seniority rights.
 
 
 [5]
 Appellants refer us to section 26 of the Constitution and General Laws of the International Union which provides:
 'Foremen of offices have the right and may discharge to decrease the force, such decrease in offices to be accomplished by discharging first the member or members last employed ans should there be a vacancy or an increase in force within one year after decrease or a longer period, as the Local Union may decide, the member or members displaced through such cause, shall be reinstated in the reverse order in which they were discharged before other help may be employed.'
 We find nothing in this provision or in any provision of the Constitution and General Laws of the International Union which precludes the local from settling this dispute as it did-- on chapel lines in a manner consistent with past practice.
 
 
 [6]
 Humphrey v. Moore, 375 U.S. 335, 355, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), rehearing denied, 376 U.S. 935, 84 S.Ct. 697, 11 L.Ed.2d 655; Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953); Intern. Longshoremen's and Warehousemen's Union v. Kuntz, 334 F.2d 165 (9th Cir.1964); Hardcastle v. Western Greyhound Lines, 303 F.2d 182 (9th Cir.1962)